# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2022 MSPB 43

Docket No. CH-0714-19-0348-I-1

## Natalie P. Stroud,
## Appellant,
## v.
## Department of Veterans Affairs,
## Agency.

December 13, 2022

Natalie P. Stroud, St. Louis, Missouri, pro se.

Kent E. Duncan, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1      The appellant petitions for review of the initial decision, which dismissed for lack of jurisdiction her appeal of a 15-day suspension.  We DENY the petition for review.  We AFFIRM the initial decision as SUPPLEMENTED by this Opinion and Order to explain why the election of remedy procedures of 5 U.S.C. § 7121(e)(1) apply to this appeal of an action taken under 38 U.S.C. § 714.

## BACKGROUND

¶2      Under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L.

No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified at 38 U.S.C. § 714), the agency issued a decision letter suspending the appellant for 15 days, effective April 28, 2019, from her Program Support Assistant position in the agency's Records Management Center (RMC) based on an incident that took place in August 2018.[1]  Initial Appeal File (IAF), Tab 1 at 1, Tab 8 at 23; Petition for Review (PFR) File, Tab 1 at 12.  The letter informed the appellant that she could seek review of the action by appealing to the Board, seeking corrective action from the Office of Special Counsel, filing a grievance under the negotiated grievance procedure, or pursuing a discrimination complaint with the agency's Office of Resolution Management (ORM).  IAF, Tab 8 at 24.  The letter stated that she would be deemed to have made an election of one of these options, to the exclusion of the other options, when she first timely filed such an appeal, complaint, or grievance.  *Id.* at 24-25.

¶3      On March 29, 2019, before the effective date of her suspension, the appellant filed a grievance challenging the action.  IAF, Tab 1 at 4, 11, Tab 8 at 11, 13-14, 21.  In an April 22, 2019 memorandum addressing the appellant's grievance, the RMC Director sustained the suspension as amended by spreading the effective dates of the suspension over two pay periods, starting in May 2019.  IAF, Tab 8 at 22.  Although the applicable collective bargaining agreement (CBA) provided that a grievance could be referred to arbitration by the union or by the agency if the grievance was not satisfactorily resolved, *id.* at 18, there is no indication in the record that the grievance decision was so referred.

¶4      On May 6, 2019, the appellant filed a Board appeal alleging that she did not engage in the charged misconduct and that the agency disregarded a complaint of

---

[1] The initial decision and the decision letter erroneously referenced the appellant's "removal."  Initial Appeal File (IAF), Tab 8 at 24, Tab 12, Initial Decision at 2, 4. These typographical errors did not prejudice her substantive rights and therefore provide no basis for reversal of the initial decision.  *See Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 12 n.1 (2009).

harassment she had submitted in violation of her "[c]ivil [r]ights." IAF, Tab 1 at 5. The agency moved to dismiss the appeal for lack of jurisdiction, asserting that the appellant filed a grievance before filing her Board appeal and thereby elected the negotiated grievance process, which precluded a Board appeal under 5 U.S.C. § 7121(e)(1). IAF, Tab 8 at 4, 7-10. The administrative judge then issued an order requiring the appellant to show why her appeal should not be dismissed for lack of jurisdiction. IAF, Tab 10 at 1. In response, the appellant filed a copy of email correspondence between herself and an ORM employee in which she disputed the merits of her suspension. IAF, Tab 11 at 4. The record suggests that the appellant sought equal employment opportunity (EEO) counseling regarding her suspension from ORM. IAF, Tab 8 at 14, Tab 11 at 4. However, it does not appear that she filed a formal complaint of discrimination with the agency regarding that action. IAF, Tab 8 at 14.

¶5    Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 1, 4. She found that the appellant knowingly elected to file a grievance challenging her suspension before filing a Board appeal; thus, she concluded that the appellant made an election under 5 U.S.C. § 7121(e) that precluded Board jurisdiction over the appeal. ID at 4. The appellant has filed a petition for review of the initial decision, and the agency has responded thereto. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

We affirm the initial decision as supplemented here regarding the reasons that the election of remedy procedures in 5 U.S.C. § 7121(e)(1) apply to this appeal.

¶6    The appellant does not dispute on review that she filed her grievance before her Board appeal, nor does she otherwise challenge the administrative judge's conclusion that her election to file a grievance divested the Board of jurisdiction. PFR File, Tab 1 at 12. We agree with the administrative judge's decision to

dismiss this appeal for lack of jurisdiction, but provide additional supporting analysis for that finding.  ID at 3-4.

¶7      As set forth above, the agency suspended the appellant for 15 days under 38 U.S.C. § 714.  IAF, Tab 8 at 23.  A covered employee subject to a suspension of more than 14 days under section 714 may appeal her suspension to the Board. 38 U.S.C. § 714(a), (c)(4); *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 11.  The statute sets forth procedural requirements that govern such an appeal.  *See, e.g.*, 38 U.S.C. § 714(d)(1)-(3), (6), (8)-(9).  It further states that if an employee "chooses to grieve an action taken under [section 714] through a grievance procedure provided under [a] collective bargaining agreement," the grievance is subject to the procedures in section 714(c) concerning notice of the agency's proposed action, an employee's response, and the agency's decision on the action.  38 U.S.C. § 714(c), (d)(10); *see Wilson*, 2022 MSPB 7, ¶ 23.  There is no indication within the provisions of 38 U.S.C. § 714, however, as to the legal effect, if any, of a timely election to grieve an action taken pursuant to that section on an employee's right to subsequently challenge the action in a different forum.  Nevertheless, as set forth below, we find that the election provisions of 5 U.S.C. § 7121(e)(1) apply here to preclude a subsequent Board appeal.

¶8      Section 7121(e)(1) of Title 5 provides, as relevant here:

> Matters covered under sections 4303 and 7512 of this title which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both.  Similar matters which arise under other personnel systems applicable to employees covered by this chapter may, in the discretion of the aggrieved employee, be raised either under the appellate procedures, if any, applicable to those matters, or under the negotiated grievance procedure, but not both.  An employee shall be deemed to have exercised his option under this subsection to raise a matter either under the applicable appellate procedures or under the negotiated grievance procedure at such time as the employee timely files a notice of appeal under the applicable appellate procedures or timely files a grievance in writing

in accordance with the provisions of the parties' negotiated grievance procedure, whichever event occurs first.

¶9      The 15-day suspension arising under 38 U.S.C. § 714 in this case is a "similar matter" to a 15-day suspension covered under 5 U.S.C. § 7512 because under both provisions, suspensions of more than 14 days are appealable to the Board.  The provisions of section 7121(e) apply to "similar matters" that arise under "other personnel systems."  A Senate Report specifically mentions Title 38 as an example of such a "personnel system[]" under 5 U.S.C. § 7121(e)(1).  S. Rep. No. 95-969, at 110, *as reprinted in* 1978 U.S.C.C.A.N. 2723, 2832 (1978).  Further, our reviewing court has described Title 38 as a "personnel system."  *Carrow v. Merit Systems Protection Board*, 564 F.3d 1359, 1361-62 (Fed. Cir. 2009); *Scarnati v. Department of Veterans Affairs*, 344 F.3d 1246, 1247-48 (Fed. Cir. 2003); *James v. Von Zemenszky*, 284 F.3d 1310, 1319-20 (Fed. Cir. 2002).  The VA Accountability Act was subsequently enacted under Title 38 as an "expedited, less rigorous alternative to traditional civil service adverse action appeals" under chapters 43 and 75 of Title 5.  *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1374 (Fed. Cir. 2020).  Like the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (1978), the VA Accountability Act permits employees to seek Board review of removals, suspensions in excess of 14 days, and demotions.  *Compare* 5 U.S.C. §§ 7512(1)-(4), 7513(d), *with* 38 U.S.C. § 714(c)(4)(A)  We find that the provisions of 38 U.S.C. § 714 function for purposes of this case as another "personnel system[]."

¶10     Furthermore, the appellant is an employee covered both by chapter 71 of the CSRA, of which 5 U.S.C. § 7121 is a part,[2] and 38 U.S.C. § 714.  An "employee," for purposes of chapter 71 of the CSRA, means an individual "employed in an

---

[2] Section 7121(e) of Title 5 was enacted as part of the CSRA.  Pub. L. No. 95-454, Title VII, § 701, 92 Stat. 1111, 1212.

agency." 5 U.S.C. § 7103(a)(2)(A).  An "agency," in turn, means an Executive agency, but does not include certain Federal entities such as the Government Accountability Office, the Federal Bureau of Investigation, and the Central Intelligence Agency.  5 U.S.C. § 7103(a)(3).  That list of exclusions does not include the Department of Veterans Affairs.  *Id.*  Moreover, for purposes of Title 5, "Executive agency" means, among other things, an Executive department. 5 U.S.C. § 105.  The Department of Veterans Affairs is such a department. 5 U.S.C. § 101.  Thus, as an employee of an agency, the appellant meets the definition of an employee under chapter 71.

¶11    The appellant also meets the definition of a "covered individual" under 38 U.S.C. § 714.  A covered individual is "an individual occupying a position" at the agency whose appointment does not fall within one of four exceptions. 5 U.S.C. § 714(h)(1).  Those exceptions include employees in the Senior Executive Service; those "appointed pursuant to sections 7306, 7401(1), 7401(4), or 7405 of [Title 38];" those serving a trial or probationary period; and "political appointee[s]."  38 U.S.C. § 714(h)(1).  There is no Standard Form 50 or other documentation in the file to reflect what authority the agency used to appoint the appellant, when it made that appointment, or the length of that appointment.  The appellant asserted below that she is a competitive-service nonprobationary appointee who, at the time she filed her appeal, had almost 22 years of Government service.  IAF, Tab 1 at 1.  Likewise, the agency identified her in its pleadings below as a nonprobationary employee in the competitive service.  IAF, Tab 8 at 5.  Thus, we conclude she is not a trial period or probationary employee.

¶12    We also discern no basis to conclude that her appointment as a Program Support Assistant is a Senior Executive Service or political appointment.  Nor does her appointment fall within one of the statutory exceptions referenced in 38 U.S.C. § 714(h)(1)(B).  Section 7306 of Title 38 provides for the positions in the agency's Office of the Under Secretary for Health, such as Deputies, Assistant Under Secretaries, Medical Directors, and Directors of Nursing, Pharmacy,

Physician Assistant, and Chaplain Services. The appellant's position does not fall within these categories. Nor, as an individual in the competitive service, is she an appointee under 38 U.S.C. §§ 7401 or 7405. Such positions are outside of the competitive service.[3] *See Carrow*, 564 F.3d at 1363-64 (agreeing with a Board administrative judge's conclusion that an appointment under 38 U.S.C. § 7405(a)(1) was in the excepted service); *Evans v. Department of Veterans Affairs*, 119 M.S.P.R. 257, ¶¶ 3, 5-6 (2013) (agreeing with the administrative judge's conclusion that individuals appointed under 38 U.S.C. § 7401(1) are excluded from the competitive service); *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 245, ¶ 11 (2010) (explaining that positions identified in 38 U.S.C. § 7401 are in the excepted service).

¶13 Our conclusion that the appellant is a covered individual is supported by the agency's suspension decision letter, in which it stated it was taking the action under 38 U.S.C. § 714. IAF, Tab 8 at 23. That letter also advised the appellant of her appeal rights and referenced the 10-business-day filing period that applies to section 714 appeals. IAF, Tab 8 at 24; 38 U.S.C. § 714(c)(4). Thus, we conclude that the appellant meets the definition of a "covered individual" under 38 U.S.C. § 714(h)(1), IAF, Tab 8 at 5, 23, and that she is also an "employee" covered by 5 U.S.C. § 7121(e) because she meets the definition of an individual employed in an "agency" under 5 U.S.C. § 7103(a)(2)(A) and is not otherwise excluded from that chapter.

¶14 Moreover, we find that the election requirements set forth at 5 U.S.C. § 7121(e)(1) apply to the appellant. As our reviewing court has concluded, the Title 5 and Title 38 personnel systems are not "completely separate and independent." *Von Zemenszky*, 284 F.3d at 1320. Rather "it is assumed that,

---

[3] In addition, the appellant identified herself as a permanent employee. IAF, Tab 1 at 1. The agency does not dispute this assertion. Thus, she cannot be an appointee within the meaning of 38 U.S.C. § 7405, which authorizes certain temporary appointments.

absent other overriding provisions of law, Title 5 applies to executive agencies such as [the Department of Veterans Affairs]." *Id.* There is no provision within Title 38 that overrides 5 U.S.C. § 7121(e).

¶15 Similarly, in *Wilson*, we read the VA Accountability Act together with the CSRA to give both effect, finding that CSRA procedures and time limits apply to mixed-case appeals of actions taken under the VA Accountability Act, a matter on which the VA Accountability Act was silent. 2022 MSPB 7, ¶¶ 11-25. We declined to apply the 10-business-day time limit set forth in 38 U.S.C. § 714(c)(4) to an appeal of an action taken under that section in which an appellant first filed a discrimination complaint with the agency, applying instead the procedures and time period for filing a mixed-case appeal under the CSRA, set forth in 5 U.S.C. § 7702(e)(2). *Wilson*, 2022 MSPB 7, ¶¶ 17, 25. We reasoned there was no "clear and manifest" intention by Congress to repeal the applicability of 5 U.S.C. § 7702 to appeals arising under 38 U.S.C. § 714. *Wilson*, 2022 MSPB 7, ¶¶ 15, 17 (citing *Morton v. Mancari*, 417 U.S. 535, 551 (1974)). Further, we explained that repeals by implication are disfavored, and that generally such repeals are found only when two statutes are irreconcilable or when the older statute is broader in scope than the newer, more specific statute. *Id.*, ¶¶ 15-16 (citing *Morton*, 417 U.S. at 549-51). We determined that the filing period in 5 U.S.C. § 7702(e)(2) was applicable to a mixed-case appeal of an action taken under 38 U.S.C. § 714 because, among other reasons, it was the more specific statute when it came to the procedures and time limits for mixed-case appeals. *Wilson*, 2022 MSPB 7, ¶¶ 16-18. We also found that the statutes could coexist by applying the procedures and filing deadlines in 5 U.S.C. § 7702(e)(2) to mixed-case appeals of actions taken under 38 U.S.C. § 714, while applying the shorter deadline in 5 U.S.C. § 714(c)(4) to non-mixed appeals. *Wilson*, 2022 MSPB 7, ¶ 19.

¶16 We find that, for the reasons stated in *Wilson,* the CSRA's specific guidance in 5 U.S.C. § 7121(e)(1) controls the appellant's election of forum in light of the absence of a provision addressing this issue in the VA Accountability Act. In

enacting 38 U.S.C. § 714, Congress did not express a "clear and manifest" intention to repeal the applicability of 5 U.S.C. § 7121(e) to cases arising under the VA Accountability Act. To the contrary, 38 U.S.C. § 714 is silent on the matter of elections of remedies when a grievance is filed. Section 7121(e)(1) of Title 5, on the other hand, explains the interplay of grievance and Board appeal rights, providing that an election is made based on whether the grievance or appeal is filed first. Thus, as in *Wilson*, the CSRA provision at 5 U.S.C. § 7121(e)(1) is more specific than the VA Accountability Act. Furthermore, the two statutes are capable of coexistence. Nothing in 38 U.S.C. § 714 is contradicted or contravened by the application of 5 U.S.C. § 7121(e). Accordingly, the election provisions set forth in 5 U.S.C. § 7121(e) apply to the instant matter.

The appellant made a valid and binding election to pursue her grievance remedy.

¶17    Both the administrative judge, in her order to show cause, and the agency in its motion to dismiss, advised the appellant that a timely grievance would be deemed an election to pursue her grievance remedy. IAF, Tab 8 at 7-10, Tab 10 at 1. The agency argued below that the appellant's grievance was timely filed under the CBA, and the appellant did not dispute that assertion. IAF, Tab 1 at 4, Tab 8 at 7, Tab 11. The administrative judge did not make a finding on the timeliness issue. The agency continues to assert on review that the appellant timely filed her grievance. PFR File, Tab 3 at 7. The appellant still does not dispute this statement.

¶18    An appellant is deemed to have made an election under 5 U.S.C. § 7121(e)(1) when she files first either a timely Board appeal or a timely written grievance. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 6 (2016). The Board has held that a timely election can occur before the effective date of the appealable action. *Kirkwood v. Department of Education*, 99 M.S.P.R. 437, ¶¶ 14-15 (2005). Here, according to the CBA, at the step 1 level, "[a]n employee and/or the Union shall present the grievance to the immediate or acting

supervisor, in writing, within 30 calendar days of the date that the employee or Union became aware, or should have become aware, of the act or occurrence." IAF, Tab 8 at 17. At the step 2 and step 3 levels, the grievance must be submitted within 7 calendar days of receiving the grievance decision at the prior step. *Id.* at 17-18. The CBA, therefore, permits the filing of grievances before the effective date of an underlying action. We find that the appellant timely filed her grievance under the CBA after she received the agency's decision letter but before the effective date of her suspension. IAF, Tab 8 at 11-14, 21-26. Accordingly, she made a valid timely election to grieve her removal.

¶19 The appellant raises new arguments on review suggesting that her election to pursue her grievance remedy was not binding. *Compare* PFR File, Tab 1 at 12, *with* IAF, Tab 1 at 5. The Board ordinarily will not consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 19 n.12 (2016). However, we consider the appellant's arguments and evidence to the extent they implicate the Board's jurisdiction, which is an issue that is always before the Board. *Id.*

¶20 The appellant claims for the first time on review that her union "failed to properly advise [her] of [her] options," and that she "wasn't clear of the fine print stating [she] wasn't to contact any other agency regarding the matter." PFR File, Tab 1 at 12. An election to pursue a grievance is not binding if the agency failed to inform an employee of her right to appeal to the Board. *See Atanus v. Merit Systems Protection Board*, 434 F.3d 1324, 1327 (Fed. Cir. 2006). The administrative judge correctly observed that the agency advised the appellant of her options for challenging her 15-day suspension, including the options of filing a grievance or a Board appeal, and that the appellant did not claim she was confused by the agency's notice. ID at 4; IAF, Tab 8 at 24-25. The appellant does not contest this finding on review.

¶21 Moreover, her allegations of any union misconduct in the process of her making an election are not the fault of the agency and do not warrant a finding that her election was not binding. *See Atanus*, 434 F.3d at 1327. Rather, the appellant is responsible for any errors of her union representative. *See Smith v. Department of Veterans Affairs*, 101 M.S.P.R. 366, ¶¶ 5, 8, 14 (2006) (finding that a union representative's delay in filing a petition for review while seeking an informal resolution with the agency did not excuse the untimeliness of the petition because the appellant was responsible for the errors of his chosen representative). Because the appellant elected a grievance, she has no right of appeal to the Board. *Atanus*, 434 F.3d at 1327-28.

¶22 The appellant also claims that a Board employee in Washington, D.C., informed her that the Board's Central Regional Office had "[j]urisdiction" over her claim. PFR File, Tab 1 at 12. The mere fact that an agency informs an employee of a possible right of appeal to the Board does not confer jurisdiction on the Board. *Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 5 (2008). Similarly, any statement by a Board employee regarding where to file a Board appeal based on the appellant's geographical location does not demonstrate Board jurisdiction over this appeal. *Compare* 5 C.F.R. § 1201.4(d) & part 1201, Appendix II (describing the appropriate regional or field office for filing a Board appeal), *with* 5 C.F.R. § 1201.3 (describing the sources of, and limitations on, Board appellate jurisdiction).

The appellant's remaining arguments are not relevant to the dispositive jurisdictional issue in this appeal.

¶23 The appellant asserts on review, as she did below, that her supervisor ignored a complaint she had filed regarding harassment by coworkers in connection with the incident underlying her suspension.[4] PFR File, Tab 1 at 12;

---

[4] Although the appellant indicates she is attaching a copy of an email regarding this complaint to her petition for review, no such email is attached. PFR File, Tab 1 at 12.

IAF, Tab 1 at 5. She also raises a claim of retaliation for EEO activity for the first time on review. PFR File, Tab 1 at 12. Although the administrative judge did not specifically address the appellant's harassment claim, we discern no basis to reverse the initial decision based either on that argument or on the appellant's new claim of EEO reprisal.

¶24　　To the extent the appellant is disputing the merits of her 15-day suspension, her arguments do not state a basis for granting review because they are not relevant to the dispositive jurisdictional issue. *See Fassett v. U.S. Postal Service*, 76 M.S.P.R. 137, 139 (1997) (finding an appellant's arguments regarding the merits of his removal did not meet the criteria for review when the issue before the Board was whether it had jurisdiction over the appeal). To the extent she is alleging that her suspension was the result of prohibited discrimination or retaliation for prior EEO activity, we cannot consider her claims here absent jurisdiction over her suspension. Prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶25　　An appellant may request that the Board review an arbitration decision regarding an appealable action when she elected her grievance remedy as to that action, the grievance went to arbitration, and she raised a claim of discrimination under 5 U.S.C. § 2302(b)(1). 5 U.S.C. § 7121(d); *Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶¶ 4, 6 (2014). We need not decide here whether that provision is applicable to an action taken under 38 U.S.C. § 714 because the

---

Instead, she provides a January 2019 memorandum alleging she was mistreated by coworkers based on her religion while on detail following the August 2018 incident that led to her suspension. PFR File, Tab 1 at 14; IAF, Tab 8 at 23. She also includes what appears to be agency management's response to this memorandum. PFR File, Tab 1 at 14-15. Because these documents are not relevant to the dispositive jurisdictional issue, we decline to address their contents. *See Hamilton*, 123 M.S.P.R. 404, ¶ 19 n.12.

appellant does not allege that she received a final arbitration decision. *Martinez v. Department of Justice*, 85 M.S.P.R. 290, ¶ 12 (2000); *Little v. Department of the Treasury*, 65 M.S.P.R. 360, 362 (1994). Therefore, we are without jurisdiction to review her discrimination claims.

¶26 She also argues for the first time on review that her supervisor improperly substituted leave without pay for approved accrued leave that she used in April 2019, which caused the agency to inform the appellant that she owed a debt. PFR File, Tab 1 at 12, 16-20. She attaches related documents. *Id.* at 16-21. Some of this documentation is dated after the close of the record below. *Id.* at 16-19, 21; IAF, Tab 10 at 2. However, assuming the underlying information is new, it is not relevant to the dispositive issue of the Board's jurisdiction over the appellant's suspension, and therefore we need not consider it here. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Further, the Board has held that it generally lacks jurisdiction over an appellant's attempt to appeal the propriety of an agency's finding of liability for a debt. *Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶¶ 5-6 (2010). Accordingly, we affirm the initial decision as modified by this Opinion and Order, still dismissing the appeal for lack of jurisdiction.[5]

## ORDER

¶27 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

[5] In light of our findings here, we do not reach the issue of whether the appellant timely filed her appeal within 10 business days after the date of her suspension, as required by 38 U.S.C. § 714(c)(4)(B).

NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.