# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SOKOL ORMENAJ,

        Appellant,

      v.

SOCIAL SECURITY
    ADMINISTRATION,

        Agency.

DOCKET NUMBER
PH-0752-22-0157-I-1

DATE: May 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sokol Ormenaj</u>, Abdington, Pennsylvania, pro se.

<u>Edward C. Tompsett</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his chapter 75 demotion and 10-day suspension.[2] Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Generally, the Board lacks jurisdiction over suspensions of only 10 days; however, the Board has jurisdiction over reductions in pay and grade. *See* 5 C.F.R. § 1201.3(a)(1). When, as here, both actions are part of a unitary penalty arising from the same set of circumstances, the Board has jurisdiction over both actions. *See White v. Government Printing Office*, 108 M.S.P.R. 355, ¶ 3 n.1 (2008).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant challenges the administrative judge's conclusion that the agency proved its four charges, each of which related, in some capacity, to the appellant's involvement in his father's application for Supplemental Security Income benefits. Petition for Review (PFR) File, Tabs 1, 5; Initial Appeal File (IAF), Tab 11 at 212-15. We have considered all of the appellant's arguments in this regard; however, we find that none provides a basis to disturb the administrative judge's findings, which were based, in large part, on credibility determinations. IAF, Tab 27, Initial Decision (ID) at 8-14; *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (explaining that the Board must give deference to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed"); *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned

conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant asserts that the administrative judge improperly limited him to "very few evidentiary records" and erroneously excluded certain documentary evidence. PFR File, Tab 1 at 8, 18-19, 23. We find his assertions unavailing. Here, the administrative judge issued a written summary of the parties' prehearing conference in which he identified the issues in dispute and ruled on the parties' proposed exhibits and witnesses. IAF, Tab 22 at 2-4. The appellant, who was represented by an attorney before the administrative judge, neither challenged the accuracy of this summary nor objected to any of the administrative judge's rulings; accordingly, he is precluded from doing so on review. *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). In any event, we find that the documentary evidence identified by the appellant does not provide a basis to disturb the initial decision.

The appellant argues that the administrative judge improperly permitted an agency manager, O.A., to testify beyond the scope of his proffered testimony. PFR File, Tab 1 at 24. He avers that, because he did not expect certain testimony, he could not properly present a defense. *Id.* However, the appellant did not object to the scope of O.A.'s testimony or otherwise indicate that any portion of his testimony was improper. IAF, Tab 25, Hearing Recording (HR) (testimony of O.A.). Because the appellant did not object to the testimony of this witness at the hearing, he waived his right to challenge the testimony on review. *See Durr v. Department of Veterans Affairs*, 119 M.S.P.R. 195, ¶ 21 (2013).

The appellant argues that the initial decision erroneously stated that 10 witnesses testified at the hearing, when in fact 11 witnesses testified. PFR File, Tab 1 at 8; ID at 6. He also asserts that the administrative judge did not consider the testimony of one of his witnesses, J.S. PFR File, Tab 1 at 8, 26; IAF, Tab 22 at 3, Tab 24 at 4. The record reflects that, in his initial decision, the

administrative judge (1) omitted J.S. from a list of witnesses and (2) did not discuss her testimony. ID at 6. We find, however, that neither of these issues prejudiced the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The administrative judge's miscounting of the witnesses and his omission of J.S. from a witness list amounted to administrative oversight/typographical errors. ID at 6; *see Stroud v. Department of Veterans Affairs*, 2022 MSPB 43, ¶ 2 n.1 (indicating that typographical errors that do not prejudice an appellant's substantive rights provide no basis for reversal of an initial decision). Moreover, the administrative judge heard J.S.'s hearing testimony; the fact that he did not explicitly discuss it in the initial decision does not mean that he did not consider it. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (explaining that an administrative judge's failure to mention all of the evidence of record does not mean that the evidence was not considered), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, we have fully considered J.S.'s hearing testimony, which pertained to the appellant's character, and find that it does not compel a different outcome. HR (testimony of J.S.).

The appellant contends that the administrative judge exhibited bias via his characterization of some of the witness testimony. PFR File, Tab 1 at 26. We find this unsubstantiated assertion unavailing. *See Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000) (explaining that there is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's rulings on issues).

The appellant provides additional documents with his petition for review, i.e., discovery-related documents and documents pertaining to his father's benefits. PFR File, Tab 1 at 32-131. The Board generally will not

consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). The appellant has not made such a showing; indeed, all of the documents predate the initial decision. PFR File, Tab 1 at 32-131. In any event, the documents are not material to the outcome of this appeal.[3] *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). The appellant also pastes a portion of a document into his reply, i.e., a "Worktrack" document, which he avers diminishes O.A.'s credibility. PFR File, Tab 5 at 7, 10. Notably, this document was not admitted into the record by the administrative judge. IAF, Tab 20 at 36-37, Tab 21 at 22, Tab 22 at 4; *see Miller*, 117 M.S.P.R. 557, ¶ 7. In any event, this document does not provide a basis to disturb the initial decision. *See Russo*, 3 M.S.P.R. at 349.

We have considered all of the appellant's remaining arguments; however, we find that none compels a different outcome. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] To the extent the appellant has filed a motion to supplement the record, PFR File, Tab 1 at 6, we deny the motion.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

_____

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.