# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DE EDRIC EMMANUEL GRAHAM,<br>        Appellant, | DOCKET NUMBER<br>CB-7121-25-0009-V-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE:  April 7, 2026 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

De Edric Emmanuel Graham, Inglewood, California, pro se.

Roderick Eves, Esquire, Erin Z. Dixon, Esquire, and Bobbi Mihal, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant filed a request for the Board to enforce a March 1, 2019 arbitration decision mitigating his February 2018 removal to a 14-day suspension and to review a June 21, 2019 arbitration decision finding that the agency's May 2018 removal of the appellant was for "just cause."  For the reasons set forth below, we DISMISS the appellant's request for lack of jurisdiction.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant, a preference-eligible, was employed as a Building Equipment Mechanic with the agency. Request for Review (RFR) File, Tab 6 at 12-13. On February 8, 2018, the agency issued a letter removing the appellant, effective February 10, 2018, for unacceptable conduct. *Id.* at 14-16. The agency's decision letter advised the appellant of his appeal rights, including his right to file both a grievance and a Board appeal. *Id.* at 15-16. The appellant filed a grievance and ultimately the union invoked arbitration over the appellant's February 2018 removal.[2] RFR File, Tab 5 at 8-9. On March 1, 2019, the arbitrator issued a decision reducing the appellant's February 2018 removal to a 14-day suspension and ordered the appellant to be made whole, minus the suspension, and returned to duty. *Id.* at 7.

While the appellant's first arbitration was pending a hearing, the agency issued a second decision letter removing him from his position, effective May 12, 2018, based on substantively different misconduct.[3] *Compare* RFR File, Tab 6 at 14-16, *with* Tab 6 at 18-25. The agency's second decision letter again advised the appellant of his appeal rights, including his right to file both a grievance and a Board appeal. RFR File, Tab 6 at 23-25. The appellant filed a grievance, and the union again invoked arbitration challenging his second removal. RFR File, Tab 5 at 30-33. Then, on June 21, 2019, the same arbitrator denied the appellant's grievance and found that the agency issued the May 2018 removal for just cause. *Id.* at 22.

Over 5 years later, on January 2, 2025, the appellant filed a request for review with the Board alleging, among other things, that the agency did not comply with the March 1, 2019 award ordering the agency to make him whole,

---

[2] The appellant originally filed a grievance of the agency's notice of proposed removal, issued on December 21, 2017. RFR File, Tab 5 at 8-9.

[3] The appellant remained in a non-pay, non-duty status after the effective date of the removal action pending the disposition of his appeal. RFR File, Tab 6 at 16.

absent a 14-day suspension.  RFR File, Tab 1 at 4, Tab 4 at 2, Tab 7 at 4.  The appellant also appears to be challenging the merits of the second removal and asserts that the agency refused to comply with the first arbitration decision in order to seek a more favorable decision in the second removal proceedings.  RFR File, Tab 1 at 4, Tab 7 at 4, Tab 8 at 3.  The agency filed a motion to dismiss arguing that the Board lacked jurisdiction over the arbitration decisions.  RFR File, Tab 6 at 4-11.[4]

### DISCUSSION OF ARGUMENTS ON REVIEW

As a general rule, an employee defined at 5 U.S.C. § 7511, who is affected by a personnel action that is both appealable to the Board and covered by a negotiated grievance procedure, may contest the action before the Board or through the negotiated procedure, but not both.  5 U.S.C. § 7121(d).  An employee who elects to grieve may seek Board review of the arbitrator's decision, if he raises an allegation that the action was based on discrimination.  *Id.*; *Stroud v. Department of Veterans Affairs*, 2022 MSPB 43, ¶ 25.

In contrast to the rights generally applicable to the Federal employees set forth above, a preference-eligible Postal Service employee affected by an action appealable to the Board may both grieve and appeal the same action, each subject to relevant timeliness requirements.  *Masdea v. U.S. Postal Service*, 90 M.S.P.R. 556, ¶ 5 (2002).  Because, however, 5 U.S.C. § 7121 does not apply to the Postal

[4] After the record closed, the appellant filed additional submissions, including a pleading entitled Statement of Procedural Irregularities, arguing that the agency committed procedural errors, and another pleading entitled Rebuttal to Non Jurisdiction Claim, arguing, among other things, the underlying merits of his case.  RFR File, Tab 12 at 4, Tab 13 at 4-6.  The Board does not accept submissions filed after the close of the record absent a motion seeking leave to file and describing the nature of and need for the pleadings.  5 C.F.R. § 1201.114(a)(4), (k).  The appellant did not file such a motion.  Furthermore, pursuant to 5 C.F.R. § 1201.114(a)(4), a party must show that evidence submitted after the close of the record is new and material.  Here, the appellant's arguments are largely duplicative of the appellant's previous filings submitted before the close of record and they do not alter the outcome of this case.  RFR File, Tabs 1, 4-5, 7-9.  Accordingly, the evidence is neither new nor material, and we decline to consider it.

Service, the Board has no jurisdiction to review an arbitrator's decision concerning a preference-eligible Postal Service employee. *Id.*; *see Fedon v. U.S. Postal Service*, 78 M.S.P.R. 657, 660 (1998) (explaining that a preference-eligible Postal Service employee can file both a grievance and a Board appeal from the same action, but does not have a right of Board review of an arbitration decision). Furthermore, the Board lacks the authority to enforce an arbitration decision when there is no Board order involved. *Cloutterbuck v. Department of Labor*, 88 M.S.P.R. 1, ¶ 5 (2001); *see Hunter v. Department of the Air Force*, 83 M.S.P.R. 7, ¶ 11 (1999). Accordingly, the appellant does not have a right to request Board review, or enforcement, of either arbitration decision, and thus, we dismiss his request for review for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.