**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PATRICIA KANE DERR,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0432-17-0511-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE,<br>　　　　　Agency. | DATE: March 12, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Patricia Kane Derr, Reston, Virginia, pro se.

David Crane, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable performance under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant served as a GS-14 Program Management Analyst in the agency's Office of Inspector General. Initial Appeal File (IAF), Tab 4 at 15. In this position, her performance plan was comprised of five critical elements, consisting of the following: (1) customer service, (2) communications, (3) planning, (4) field work, and (5) reporting results. IAF, Tab 5 at 94-110. Her performance was rated on a five-tier scale, with level 1 being the lowest level and level 5 being the highest. *Id.* In November 2015, the agency provided the appellant with a copy of the critical elements and performance standards by which she would be evaluated during the appraisal period from October 1, 2015, to September 30, 2016. *Id.* at 92-110.

On June 23, 2016, the appellant's first-level supervisor issued her a notification of unacceptable performance and an opportunity to improve, more commonly known as a performance improvement plan or PIP. *Id.* at 4-14. Her supervisor stated that the appellant's performance did not meet the marginal level (level 2) of performance in critical element 1 (customer service), critical element 2 (communications), and critical element 4 (field work), and provided specific examples of her deficiencies under each element. *Id.* at 4-6, 7-9, 10-11. The agency prorated the appellant's performance standards for the time period of the PIP and informed her of what she was required to do under each critical element to meet the marginal level of performance. *Id.* at 6-7, 9-10, 11-13. The appellant was afforded 90 days, beginning on June 23, 2016, and ending on September 21, 2016, to improve her performance to at least the marginal level. *Id.* at 14. Due to the appellant's absences during that period, and at her request, the PIP was extended until October 6, 2016. IAF, Tab 4 at 26.

On December 1, 2016, the appellant's first-level supervisor proposed her removal for unacceptable performance. *Id.* at 26-30. She found that the appellant failed to achieve at least the marginal level of performance in critical element 2 (communications) and critical element 4 (field work). *Id.* at 26-29. On April 6,

2017, after considering the appellant's reply to the proposal, the appellant's second-level supervisor issued a decision imposing the removal. *Id*. at 16-25.

The appellant filed the instant appeal challenging the removal. IAF, Tab 1. After conducting the appellant's requested hearing, the administrative judge issued an initial decision in which he affirmed her removal. IAF, Tab 78, Initial Decision (ID). He found that the agency proved the charge of unacceptable performance and that the appellant failed to prove her affirmative defenses of age and sex discrimination, equal employment opportunity (EEO) retaliation, whistleblower reprisal, or harmful procedural error. ID at 7-21.

The appellant has petitioned for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. On petition for review, the appellant argues that the administrative judge should have considered her performance prior to the period when the agency placed her on a PIP. PFR File, Tab 1 at 4-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly concluded that, under the law in effect at the time, the agency satisfied its burden to prove that the appellant's performance was unacceptable.</u>

At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that: (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (5) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 13; *see* 5 U.S.C. § 7701(c)(1)(A). The administrative judge

addressed each of these elements in turn and found that the agency carried its burden with respect to all of them. ID at 7-16. These findings are supported by the record, and the parties do not challenge them on review. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review."). Accordingly, we decline to disturb the administrative judge's findings in this regard.

Remand is necessary to afford the parties an opportunity to provide evidence and argument concerning whether the appellant's placement on the PIP was proper.

After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit issued a precedential decision in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021), holding that an agency must prove an additional element under chapter 43. *Lee,* 2022 MSPB 11, ¶ 14. Specifically, an agency must show by substantial evidence that the appellant's performance leading up to the PIP was unacceptable. *Santos*, 990 F.3d at 1360-61, 1363.

Following the issuance of *Santos*, the Board issued an Opinion and Order in *Lee*, 2022 MSPB 11, ¶ 15, which incorporated this holding in *Santos*, setting forth the agency's burden of proof as follows: to defend an action under chapter 43, the agency must prove by substantial evidence that: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.

Although the record contains evidence indicating that the appellant's performance was unacceptable prior to the initiation of the PIP, IAF, Tab 5 at 4, Tab 6 at 65, we nevertheless must remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements, *see Lee*, 2022 MSPB 11, ¶¶ 15-17. On remand, the administrative judge should accept argument and evidence on this issue and hold a supplemental hearing, if appropriate. *Id.*, ¶ 17. The administrative judge should then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate in the remand initial decision his prior findings on the other elements of the agency's case. *See id.*

<u>On remand, the administrative judge should make new findings on the appellant's affirmative defenses.</u>

The appellant presented claims of age and sex discrimination, EEO retaliation, whistleblower reprisal, and harmful procedural error, which the administrative judge found unproven. ID at 16-21. The parties do not challenge the substance of this determination on review.[2]

---

[2] The appellant generally challenges the credibility of her first- and second-level supervisors regarding the poor quality of her performance, including asserting that they lied when they testified that they were unaware of her age and that the record contains conflicting evidence regarding whether her performance was unacceptable. PFR File, Tab 1 at 5-6. The administrative judge found that the appellant's supervisors testified credibly that the appellant's performance was unacceptable while on the PIP. ID at 13-16. Further, he found that the appellant presented no evidence that her age was a factor in her removal. ID at 17. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at the hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not offered such reasons here, and we therefore decline to overturn the administrative judge's credibility findings. To the extent that the appellant is arguing that the administrative judge failed to specifically address the testimony and evidence she cites on review, we are not persuaded. An administrative judge's failure to mention all of the evidence does not mean that he did not consider it in reaching his decision. *Kingsley v.*

Nonetheless, on remand, the administrative judge must further adjudicate these claims. The Board must consider an appellant's pre-PIP performance in the context of an affirmative defense when, as here, the validity of the agency's proffered reason for taking the performance-based action is a factor in analyzing that claim. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 25 (citing *Santos*, 990 F.3d at 1363-64). Further, in the period since the administrative judge issued his initial decision, we clarified the evidentiary standards and burdens of proof for age discrimination and EEO reprisal claims in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, 30-33. In the proceedings on remand, the administrative judge should advise the parties of the standards set forth in *Pridgen*, provide them with an opportunity to present argument and evidence, and hold a supplemental hearing, if appropriate, on the appellant's affirmative defenses to permit the parties to address those standards, as well as any claims regarding the appellant's pre-PIP performance.[3] He should then apply the standards set forth in *Pridgen* in the remand initial decision.

The parties do not dispute the administrative judge's findings on the appellant's remaining affirmative defenses of harmful error and whistleblower

_____

*U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 15 (2016).

[3] The appellant argues that distractions in the hearing room prevented her from presenting testimony concerning her affirmative defenses. PFR File, Tab 1 at 5-6. To the extent the appellant is arguing that her decision not to testify about age and sex discrimination was due to an abuse of discretion, we find no support for such a claim. *See Reid v. U.S. Postal Service*, 54 M.S.P.R. 648, 655 (1992) (finding no abuse of discretion in limiting an appellant's testimony on cross-examination to issues raised on direct examination when the appellant chose not to testify during the presentation of his case). Moreover, the administrative judge approved the appellant as a witness and, during the hearing, heard her testimony, confirmed she finished with her testimony, and gave her the opportunity to provide additional testimony after the agency's cross-examination. IAF, Tab 77, Hearing Recording (testimony of the appellant). We listened to the hearing recording and could not hear any interruptions in her testimony. *Id.* Accordingly, although the appellant may regret her decision not to testify about age and sex discrimination, she has not established any error on the part of the administrative judge. Nonetheless, in light of this Remand Order, we leave the scope of the appellant's testimony at any supplemental hearing to the sound discretion of the administrative judge.

reprisal. As to her whistleblower reprisal claim, the administrative judge determined that the appellant failed to prove that her protected activity was a contributing factor in her removal under the knowledge/timing test or otherwise. ID at 18-21. As to her harmful error claim, the administrative judge concluded that the appellant failed to identify any policy, rule, or regulation that the agency violated in connection with her removal. ID at 21.

Because he will now be reviewing the agency's determination that the appellant's pre-PIP performance was unacceptable, the administrative judge should determine if the appellant was impeded during the proceedings below from presenting her whistleblower reprisal and harmful error affirmative defenses to the extent they concerned the period leading up to her placement on the PIP. If so, he should permit the parties to present evidence and argument on these matters. He should then make findings on her affirmative defenses that consider any new evidence and argument. If there are none, the administrative judge may adopt his prior findings as they concern the PIP and the appellant's removal in the remand initial decision.

<u>The appellant's remaining arguments do not warrant Board review.</u>

*Administrative Judge Bias*

The appellant argues that the administrative judge was biased against her because he ridiculed her settlement request during a prehearing conference. PFR File, Tab 1 at 5. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's allegation neither overcomes

this presumption nor demonstrates any such favoritism or antagonism towards her. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016) (finding that the agency did not demonstrate that the administrative judge was biased when it argued that her "tone and substance" throughout the proceeding were demeaning to agency counsel).

*Discovery, Witnesses, and Testimony*

The appellant asserts that the administrative judge denied her discovery, including allowing her to depose agency managers and others who likely influenced her removal and harassed her, and the ability to obtain more audit documentation that formed the basis for her removal or that would show how her work was consistent or superior to comparable work done by younger or male colleagues. PFR File, Tab 1 at 4. An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *Pridgen*, 2022 MSPB 31, ¶ 71.

Because the appellant failed to initiate timely discovery, she filed a motion for an extension of the deadline for doing so. IAF, Tab 11. The administrative judge denied her motion. IAF, Tab 13 at 2-3. He reasoned that the acknowledgment order advised the appellant of the requirement that she initiate discovery within 30 days. IAF, Tab 2 at 3, Tab 13 at 2-3. He found that the appellant's general financial hardship was not a basis to find good cause for her delay. IAF, Tab 13 at 2-3. Nor did the events she cited in requesting more time serve as excuses because they took place prior to the issuance of the acknowledgment order. *Id.* We agree that an appellant's general financial difficulties and events occurring before the discovery period began do not excuse her failure to initiate discovery on time. *Johnson v. Department of Veterans Affairs*, 64 M.S.P.R. 257, 259 (1994) (determining that financial difficulties do not constitute good cause for waiver of the filing deadline), *aff'd per curiam*, 56 F.3d 81 (Fed. Cir. 1995) (Table). Therefore, we discern no abuse of discretion by the administrative judge.

Next, the appellant argues that the administrative judge incorrectly denied all but one of her requested witnesses. PFR File, Tab 1 at 5. The appellant failed to object to that ruling below and is precluded from raising the issue on review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). However, if the administrative judge holds a supplemental hearing, the parties may make new requests for witnesses regarding the appellant's pre-PIP performance consistent with the administrative judge's orders. The administrative judge should make findings whether to permit those witnesses to testify at any supplemental hearing.

Because we are vacating the initial decision and remanding for a new hearing, we need not reach the appellant's arguments that the administrative judge improperly refused to admit documents regarding her past acceptable performance and decades of experience before the agency placed her on the PIP. PFR File, Tab 1 at 4. We also do not rule on the appellant's argument that the administrative judge did not consider all of the evidence and testimony. *Id.* at 5. On remand, the appellant may request to submit evidence into the record consistent with the orders of the administrative judge. We leave whether to permit such evidence to the sound discretion of the administrative judge on remand.

The appellant further argues that she was confused about certain terms, such as retaliation, hostile work environment, and harassment. PFR File, Tab 1 at 5. It was incumbent on the administrative judge to advise the appellant of applicable burdens of proving her affirmative defenses, as well as the kind of evidence she is required to produce to meet her burden. *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶¶ 10, 12-13 (2010), *overruled on other grounds by Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17. Here, the administrative judge advised the appellant of her burden of proof as to her affirmative defenses and the kinds of evidence she was required to produce. IAF, Tab 10. Accordingly, we find that there is no adjudicatory error.

*Other Arguments*

The appellant argues that the administrative judge misspelled a witness's name and focused on his computer during the hearing. PFR File, Tab 1 at 5-6. These assertions do not affect the disposition of a dispositive issue and thus do not provide a reason for disturbing the initial decision. *See, e.g., Stroud v. Department of Veterans Affairs,* 2022 MSPB 43, ¶ 2 n.1 (finding typographical errors in the initial decision did not prejudice the appellant's substantive rights and therefore provided no basis for reversal of the initial decision); *Catalano v. U.S. Postal Service,* 23 M.S.P.R. 432, 436 n.2 (1984) (finding that an appellant's allegation that the presiding official appeared bored and distracted at the hearing, without more, did not overcome the presumption of integrity on the part of the presiding official).

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:    _____
                  Gina K. Grippando
                  Clerk of the Board

Washington, D.C.