**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHARON M. TALLEY,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-1221-21-0175-W-2 |
| 　　v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　Agency. | DATE: April 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David A. Branch, Esquire, James R. Klimaski, Esquire, and Steven J. Silverberg, Esquire, Washington, D.C., for the appellant.

Dora Malykin, Esquire, Washington, D.C., for the agency.

Patricia McNamee, Esquire, Riverdale, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her individual right of action (IRA) appeal because she did not prove a prima facie case of whistleblower reprisal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the administrative judge's finding in the alternative that the agency proved by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's protected disclosure or activities, we AFFIRM the initial decision.

The administrative judge found that, although the appellant did not prove that she made protected disclosures under 5 U.S.C. § 2302(b)(8)(A), she proved that she engaged in protected activities under 5 U.S.C. § 2302(b)(9)(C). *Talley v. Department of Agriculture*, MSPB Docket No. DE-1221-21-0175-W-2, Refiled Appeal File (RAF), Tab 31, Initial Decision (ID) at 6-22. However, she found that the appellant did not prove that her protected activities were a contributing factor in the covered personnel actions at issue, and thus, the appellant did not establish a prima facie case of whistleblower reprisal.[2] RAF, ID at 37-42. On

---

[2] In her petition for review, the appellant asserts that her burden of proof to establish a prima facie case of reprisal for whistleblowing was substantial evidence. Petition for Review File, Tab 1 at 11. This is incorrect. To establish a prima facie case of reprisal for whistleblowing, an appellant must prove by preponderant evidence that she made a protected disclosure or engaged in protected activity that was a contributing factor in an agency decision to take or fail to take a personnel action. *See Salazar v. Department of Veterans Affairs*, 2022 MSPB 43, ¶ 23; *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).

review, the appellant presents no evidence that would support a finding that any of her alleged disclosures or activities, which occurred in 2012, were a contributing factor in the agency's decision to deny her a temporary promotion in 2019, or its failure to increase her pay or issue her a Standard Form 50 for a temporary promotion she served in 2020.[3] Thus, to the extent that the appellant disputes the administrative judge's findings regarding her disclosures and activities, we need not reach this issue because, as the administrative judge correctly found, the appellant did not meet the contributing factor standard. *Id.*

Because the appellant did not prove her prima facie case of whistleblower reprisal, the Board may not proceed to the clear and convincing evidence test. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19, n.10 (2014), *aff'd per curiam*, 623 F. App'x 1016 (Fed. Cir. 2015). Therefore, we vacate the administrative judge's finding in the alternative, that the agency proved by clear and convincing evidence that it would have taken the same personnel actions in the absence of any protected disclosure or activities. RAF, ID at 42-60.

---

[3] The administrative judge found that the appellant did not prove that the other alleged retaliatory actions were covered personnel actions under 5 U.S.C. § 2302(a)(2)(A). RAF, ID at 22-29. To the extent that the appellant challenges these findings on review, because we find them to be well-reasoned and supported by fact and law, we discern no basis to disturb them. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Furthermore, the appellant did not object to the administrative judge's framing of the issues as set forth in her prehearing order, despite being afforded the opportunity to do so. RAF, Tab 21 at 4-5, 10. Accordingly, we discern no basis to disturb the administrative judge's characterization of the issues in this appeal. *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 14 (2016) (declining to address on review matters excluded by the administrative judge in orders to which the appellant was afforded the opportunity to object and did not do so); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that the appellant's failure to timely object to rulings on witnesses precludes his doing so on petition for review).

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.