**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TIFFANY P. WATKINS,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
DE-0752-21-0157-I-1

DATE:  November 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeff T. Schrameck</u>, Esquire, Canton, Michigan, for the appellant.

<u>Bradley M. Shaughnessy</u>, Esquire, Fayetteville, Arkansas, for the agency.

<u>Tijuana D. Griffin</u>, North Little Rock, Arkansas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to the extent that the administrative judge incorrectly suggested that the appellant was required to allege that the agency affirmatively provided misinformation in order to state an involuntary resignation claim, we AFFIRM the initial decision.

## BACKGROUND

The appellant was the Assistant Chief of Prosthetic Services at the Department of Veterans Affairs' Eastern Colorado Healthcare System. Initial Appeal File (IAF), Tab 6 at 10. The agency proposed to remove her for conduct unbecoming a supervisory employee. *Id.* at 10-11. The appellant met with the deciding official and an agency Employee and Labor Relations Specialist to respond to the proposed notice. IAF, Tab 6 at 12-13, 17, Tab 9 at 14. According to the appellant, at that meeting, she stated that she had "numerous offers for other positions" within the agency and "requested that [she] be able to resign and have the matter of the proposed removal closed." IAF, Tab 9 at 14. The agency rejected her request despite these job offers. *Id.*

Eleven days later, the Employee and Labor Relations Specialist and another agency official met with the appellant and notified her that she would be removed

effective that same day. IAF, Tab 6 at 17-19, Tab 9 at 14-15. According to the appellant, a few minutes after this meeting concluded, the Employee and Labor Relations Specialist called the appellant and informed her "that the agency would still accept [her] resignation," but he did not say the Standard Form 50 (SF-50) documenting her resignation would reflect that it was in lieu of the removal action. IAF, Tab 6 at 21, Tab 9 at 15. The appellant resigned that day. IAF, Tab 6 at 15. The SF-50 documenting her resignation reflected that she resigned after receiving notice of the decision to remove her for conduct unbecoming a supervisory employee. *Id.* at 21.

The appellant filed the instant appeal alleging her resignation was involuntary and requesting a hearing. IAF, Tab 1 at 2-3, 5. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 6 at 4-6. The administrative judge advised the appellant of her burden to establish jurisdiction. IAF, Tab 7. She explained that, to be entitled to a hearing on the jurisdictional issue, the appellant must make a nonfrivolous allegation that, as relevant here, the agency made misleading statements on which she relied to her detriment. *Id.* at 2. The appellant responded that her resignation was involuntary because the agency effectively misled her when it failed to inform her that the SF-50 processing her resignation would make note of the removal action. IAF, Tab 9 at 8-10.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 11, Initial Decision (ID) at 2, 6-7. The administrative judge reasoned that the appellant's choice between resigning and challenging her removal did not rebut the presumption that her resignation was voluntary. ID at 5-6. The administrative judge also concluded that the appellant did not nonfrivolously allege that her resignation was the result of agency misrepresentation. *Id.* The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 3, 5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The sole issue on review is whether the appellant is entitled to a jurisdictional hearing because she made a nonfrivolous allegation the agency had reason to know she resigned because she erroneously believed that doing so would allow her to have a clean record. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proof on the issue of jurisdiction, and if she makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, she is entitled to a hearing on the jurisdictional question. *Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007); 5 C.F.R. § 1201.56(b)(2)(i)(A).[2] We agree with the administrative judge that the appellant did not make a nonfrivolous allegation of Board jurisdiction over the instant appeal.

<u>We modify the initial decision to find that the appellant did not  nonfrivolously allege that she resigned because she believed doing so would result in a clean record.</u>

The administrative judge found that the appellant did not allege that the agency induced her retirement by affirmatively misrepresenting that it would not make note of her removal decision on her SF-50.[3] ID at 6. An employee-initiated action, such as resignation or retirement, is presumed to be voluntary and thus

---

[2] We recognize that the agency issued the removal action at issue here under the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (codified as amended at 38 U.S.C. § 714). IAF, Tab 6 at 17-19. Thus, to prove jurisdiction, the appellant must establish that she is a "covered individual" and that her resignation is tantamount to a constructive removal. 38 U.S.C. § 714(a), (c)(4); *see Stroud v. Department of Veterans Affairs*, 2022 MSPB 43, ¶¶ 7, 10-13 (discussing these statutory requirements in the context of an election of forum under 5 U.S.C. § 7121(e)). It appears from the record that the appellant, as an individual appointed under 38 U.S.C. § 7401(3), has established that she is a covered employee. IAF, Tab 6 at 8, 21; *see* 38 U.S.C. § 714(h)(1). In any event, we need not decide this issue in light of our determination that the appellant did not suffer a covered personnel action under 38 U.S.C. § 714.

[3] The parties do not dispute the administrative judge's finding that, in essence, the appellant did not nonfrivolously allege that her retirement was the result of duress or coercion. ID at 3-6. We discern no basis to disturb that finding.

outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation is tantamount to a removal, however, and is therefore subject to the Board's jurisdiction. *Id*. A resignation action is involuntary if, as relevant here, the agency made misleading statements upon which the employee reasonably relied to her detriment. *Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574-75 (Fed. Cir. 1983).

The administrative judge found that the appellant did not claim that the agency made an affirmative misrepresentation as to how her resignation would be documented. ID at 5-6. The parties do not dispute this finding on review, and we discern no basis to disturb it. The appellant admits that the agency never specified the terms under which it would accept her resignation. PFR, Tab 3 at 12. She concedes that the agency rejected her initial request to resign without addressing her request to close out the removal matter. IAF, Tab 9 at 6; PFR File, Tab 3 at 11-12. Therefore, the Board does not have jurisdiction over her resignation based on any affirmative agency misrepresentation.

On review, the appellant argues that the administrative judge erred in not following *Wills v. Department of the Navy*, 37 M.S.P.R. 137, 141 (1988), which reflects that a retirement is involuntary if the agency fails to correct any erroneous information on which it has reason to know the employee is relying. PFR File, Tab 3 at 6, 13. In *Wills*, 37 M.S.P.R. at 138-39, 141, the appellant alleged that he thought he could preserve his clean record if he retired, but instead the SF-50 effectuating his retirement noted that he retired after receiving a notice of removal. The Board concluded that he made a nonfrivolous allegation of jurisdiction when he claimed that, because of lack of information, he erroneously thought he could preserve a clean record. *Id*. at 140-41.

The administrative judge did not address this argument, which the appellant raised below. IAF, Tab 9 at 7-10; ID. Therefore, we do so here, still finding that the appellant did not make a nonfrivolous allegation of an involuntary resignation. An appellant must nonfrivolously allege that she relied on her

erroneous belief to her detriment in order to receive a jurisdictional hearing. *See Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶¶ 7-10 (2015) (finding that an appellant was entitled to a jurisdictional hearing when he nonfrivolously alleged that his retirement was involuntary because he materially relied on agency misinformation); *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010) (explaining that to prove that an alleged involuntary action resulted from misinformation, an appellant must show, as relevant here, that he reasonably relied on the misinformation to his detriment).

Here, we find that the appellant did not nonfrivolously allege that she relied on her mistaken belief that her resignation would result in a clean record. The appellant's attorney has alleged that the appellant resigned in reliance on her reasonable belief that she would receive a clean resignation. IAF, Tab 9 at 6-7, 9; PFR File, Tab 3 at 7-8, 13-14. However, a representative's statements in a pleading, such as those here, are not evidence, particularly when an affidavit completed by the appellant does not support those statements. *Rose v. Department of Defense*, 118 M.S.P.R. 302, ¶ 10 (2012). To support his statements, the appellant's attorney cites to a declaration completed by the appellant, which is in the record below. IAF, Tab 9 at 9; PFR File, Tab 3 at 7-8. The appellant identified in her declaration the information that she believed the agency should have provided. Specifically, she stated that the Employee and Labor Relations Specialist "never stated [her] resignation would be in lieu of removal." IAF, Tab 9 at 15. However, missing from her declaration is any claim that she believed that she would receive a clean resignation or that she relied on such a belief in resigning. *Id.* at 13-15. Accordingly, we affirm the initial decision, as modified above, still finding that the Board lacks jurisdiction over this appeal.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.